I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ ⟨party⟩ (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 9-12-12

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

SEP 1 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MORFIN, <br><br> Petitioner, <br><br> vs. <br><br> M.E. SPEARMAN, <br><br> Respondent. | Case No. SACV 12-1437-R (RNB) <br><br> ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On August 31, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.

The Court's review of the Petition reveals that it is directed to the same Orange County Superior Court judgment of conviction as the prior habeas petition filed by petitioner in this Court on May 28, 2005, in Case No. SACV 05-0404-R (RNB) [hereinafter the "Prior Action"]. On February 13, 2006, Judgment was entered in the Prior Action, denying the petition and dismissing the action with prejudice. Petitioner filed a timely appeal from that Judgment, but his requests for a certificate of appealability were denied in turn by this Court and the Ninth Circuit.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28

U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) *A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> (2) *A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
> > (A) *the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
> >
> > (B)(i) *the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
> >
> > (ii) *the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.*
>
> (3) (A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*
>
> . . .
>
> > (C) *The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.*
>
> . . .

> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

None of the claims alleged in the Petition now pending corresponds to any of the claims alleged in the petition in the Prior Action. Under § 2244(b)(3)(A), where a federal habeas petitioner seeks to file a subsequent habeas petition raising a claim not raised in the petitioner's prior petition, the petitioner must seek permission from the Circuit to file that second or successive petition. See Cooper v. Calderon, 274 F.3d 1270, 1275 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003). Such permission will be granted only if "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)]." See id. Only after the Circuit has made the initial determination that the petitioner has made a prima facie showing under § 2244(b)(2) does the district court have any authority to consider whether the petitioner has, in fact, met the statutory requirements of § 2244(b). Under § 2244(b)(4), the petitioner must make "more than another prima facie showing" in the district court; the "district court must conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the [petition] meets the statutory requirements for the filing of a second or successive petition." See United States v. Villa-Gonzalez, 208 F.3d 1160, 1164-65 (9th Cir. 2000).

Since the petition in the Prior Action was denied on the merits, this case is distinguishable from the other cases in which permission from the Circuit to file a subsequent petition has been found unnecessary. For example, the Petition now pending does not raise a claim raised in a prior petition that was dismissed without prejudice as unexhausted. See Slack v. McDaniel, 529 U.S. 473, 487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Nor does it raise a claim raised in a prior petition

1  that was dismissed without prejudice as premature. See <u>Stewart v. Martinez-
2  Villareal</u>, 523 U.S. 637, 644-45, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998).

3      While it does not appear to the Court that petitioner can make the requisite
4  showing for filing a second and/or successive petition, that is a determination for the
5  Ninth Circuit to make in the first instance. Petitioner's failure to secure an order from
6  the Ninth Circuit authorizing the District Court to consider the new claims being
7  alleged in the Petition now pending, prior to his filing of the Petition in this Court,
8  deprives the Court of subject matter jurisdiction. See <u>Cooper</u>, 274 F.3d at 1274.

9      IT THEREFORE IS ORDERED that this action be summarily dismissed
10 pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States
11 District Courts.

12     LET JUDGMENT BE ENTERED ACCORDINGLY.

14 DATED: Sept. 10, 2012

                         MANUEL L. REAL
                         UNITED STATES DISTRICT JUDGE

18 Presented by:

20 Robert N. Block
   United States Magistrate Judge